*Singh v. Garland*

BIA
Poczter, IJ
A208 617 318

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.

PRESENT:
      RICHARD J. SULLIVAN,
      WILLIAM J. NARDINI,
      EUNICE C. LEE,
          *Circuit Judges.*

_____

RANJIT SINGH,
      *Petitioner,*

      v.                         20-2009
                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:          Deepti Vithal, Richmond Hill, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Jonathan Robbins, Senior Litigation

Counsel; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Ranjit Singh, a native and citizen of India, seeks review of a May 29, 2020 decision of the BIA affirming a March 6, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ranjit Singh,* No. A208 617 318 (B.I.A. May 29, 2020), *aff'g* No. A208 617 318 (Immigr. Ct. N.Y.C. Mar. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see also* 8 U.S.C. § 1252(b)(4)(B) ("The

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

Asylum, Withholding of Removal, and CAT Relief

The agency found that Singh suffered persecution when workers for the Prakash Singh Badal Party ("Badal") and Bharatiya Janata Party ("BJP") twice attacked him in 2015 because of his membership in the Shiromani Akali Dal Amritsar Party ("Mann Party"). Having established past persecution, Singh was entitled to a presumption of a well-founded fear and likelihood of future persecution as required for asylum and withholding of removal. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). Nevertheless, the government may rebut this presumption of future persecution if it establishes by a "preponderance of the evidence" that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1); *see also id.* § 1208.16(b)(1)(stating standard for rebutting presumption in withholding context).

The agency did not err in concluding that Singh could

3

avoid future persecution by relocating from his home state of Punjab to another part of India. In his application and testimony, Singh asserted that he believed that he could not safely live anywhere in India because the BJP controls the national government, government officials would refuse to help Mann Party workers, and the BJP would be able to find, attack, and kill him. But the documentary evidence reflects that India is a vast country with a population of approximately 1.2 billion that lacks a central-registration system that would enable officials to locate an individual either within or outside his state. Further, Singh did not articulate a reason that his former persecutors (who were local party workers, not the police or other government officials) would attempt to locate him in another area of India, given his position in the party, which was not prominent. *Cf. Jagdeep Singh v. Garland*, 11 F. 4th 106, 115–16 (2d Cir. 2021) (holding that "persecut[ion] by members of a political party — even one that is in power nationally or . . . aligned with a party in power nationally — does not establish that the applicant was persecuted by the government," and the agency is not "required to attribute an attack by members of a regional party in Punjab to the

4

national government of India").  Although a human rights organization reported vigilante violence against religious minorities and government critics, it did not identify abuses of Mann Party members, and it went on to identify Muslims as the primary focus of attacks on minority religious groups. Likewise, a U.S. State Department report did not identify abuses of Mann Party members as a concern; it further noted that Indian law provides for freedom of internal movement, and the government generally respected that right.

Having found that Singh could avoid persecution by relocating to any state outside of Punjab, the agency was not required to identify a more specific place where Singh could relocate.  *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B) (requiring the government to show relocation to "another part" of the country is reasonable), 1208.16(b)(1)(i)(B) (same); *Matter of M-Z-M-R-*, 26 I. & N. Dec. 28, 33 n.5 (B.I.A. 2012) (requiring the government to show there is an area for safe relocation, but concluding burden can be met by showing that conditions outside of the home region "were not such that the applicant would have a well-founded fear").

Further, the record does not compel the conclusion that relocation would be unreasonable under the circumstances.

*See* 8 C.F.R. § 1208.13(b)(3)(ii)(version in effect until Nov. 8, 2018).[1] In determining whether internal relocation is reasonable, the IJ considers any relevant factors, which may include "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. §§ 1208.13(b)(3)(version in effect until Nov. 8, 2017), 1208.16(b)(3) (version in effect until Jan. 10, 2021). As Singh argues, the IJ did not specifically address whether his Sikh religious identity or Punjabi language rendered relocation unreasonable, and the BIA did not supplement the IJ's decision on this point.[2] But

---

[1] Section 1208.13(b)(3)(ii) has since been amended to place the burden on the petitioner to rebut a presumption that internal relocation would *not* be reasonable in cases like Singh's where the persecutor is a non-governmental entity. Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80274, 80281 (Dec. 11, 2020). However, because the IJ adjudicated Singh's case prior to that amendment, we apply the older version of the regulation, which did not contain this presumption of reasonableness. *See* 8 C.F.R. § 1208.13(b)(3)(ii) (version in effect until Nov. 8, 2018).

[2] Contrary to Singh's argument, the IJ made a finding regarding the likelihood of harm based on his political expression as a Mann Party supporter. There are no grounds

while the agency's findings are limited on these issues, the record does not compel the conclusion that relocation would be unreasonable because there is no evidence of discrimination on these grounds in the country reports. *See Jagdeep Singh*, 11 F.4th at 117 (finding on largely similar facts that petitioner's "evidence d[id] not compel the conclusion that it would be unreasonable to expect him to relocate internally to avoid future persecution"); *Hui Lin Huang v. Holder*, 677 F.3d 130, 138 (2d Cir. 2012) ("Our case law has already approved the BIA's consideration and use of State Department country reports."). Further, while Singh submitted evidence of abuse of Sikhs and members of Sikh political groups, those incidents occurred in Punjab. There is no reason to conclude that the IJ failed to consider the evidence, and the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007); *see Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume

---

to conclude that the IJ assumed that Singh would not continue that expression upon relocation, and there is no reason that the IJ should have repeated the finding in the reasonableness analysis.

that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

On this record, the agency reasonably concluded that the government rebutted the presumption of future persecution as required for asylum and withholding of removal by showing that Singh could safely and reasonably relocate. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii); *Surinder Singh*, 435 F.3d at 219. The agency's finding was also dispositive of CAT relief because it prevented Singh from establishing the requisite likelihood of torture. *See* 8 C.F.R. § 1208.16(c)(3); *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010) (holding that where record does not demonstrate chance of persecution required for asylum, it "necessarily fails to demonstrate" the likelihood of harm for CAT relief).

Humanitarian Asylum

Finally, while Singh argues that the BIA erred in finding his humanitarian asylum claim waived because he demonstrated eligibility for that form of relief, he does not dispute that he raised that issue for the first time in his brief to the BIA. The BIA therefore was not required to consider this unexhausted claim, and we cannot consider it now. *See* 8

8

C.F.R. § 1003.1(d)(3)(iv) (version in effect until Jan. 15, 2021) ("[T]he [BIA] will not engage in factfinding during the course of deciding an appeal. A party asserting that the [BIA] cannot properly resolve an appeal without further factfinding must file a motion for remand."); *Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) (holding that "where the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised before the IJ, we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review" (alterations omitted)); *Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for [the BIA's] decision.").

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9